UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jasmine Stevens,<br>    Plaintiff,<br><br>           v.<br><br>Colten Mortgage, LLC,<br>    Defendant. | CASE NO.: 2:22-CV-1891-DCN-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

    1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

    2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, 42 U.S.C. §1981 have occurred or been complied with.

    a. A charge of employment discrimination on basis of racial discrimination, color and national origin was filed by the Plaintiff with Equal Employment Opportunity Commission (EEOC).

    b. Notification of the Right to Sue was received from the EEOC on or about June 3, 2022.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

    3. Plaintiff, Jasmine Stevens, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

    4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

    5. Defendant, Colten Mortgage, LLC, upon information and belief, is a foreign corporation organized in the State of Colorado and operating under the laws of the State of South Carolina located in this judicial circuit.

    6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

    7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about June 25, 2020, Plaintiff (African American) began working for Defendant as a Loan Office Assistant, and more recently as a Loan Office Assistant/Marketing Coordinator.

11. Beginning in July 2020, Plaintiff was subjected to numerous inappropriate racial comments by her Branch Manager, Lisa Simpson. Ms. Simpson told Plaintiff that "she wanted to use Plaintiff to bring in black businesses," and that "Plaintiff was sticking with the black owned business, because African Americans are ghetto, and they are bringing down the loan values."

12. Plaintiff reported the inappropriate actions to Human Resources. Following Plaintiff's reports of racial discrimination, nothing was ever done to correct the actions.

13. Plaintiff later discovered that Ms. Simpson was conducting illegal closing transactions. Ms. Simpson would use an attorney to handle closings, but he would be somewhere else. Ms. Simpson would do the closing and then send the documents via Bullet for the attorney to sign. Plaintiff informed the CEO/Owner, Brant Phillips, but nothing was done.

14. On or about October 21, 2020, Defendant retaliated against Plaintiff for reporting the illegal acts and failed to stop the discrimination and Plaintiff was laid off.

15. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of racial discrimination and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

16. Despite her reporting the behavior, Defendant did not take appropriate action to resolve the problems.

## FOR A FIRST CAUSE OF ACTION
### Racial Discrimination – Violation of Title VII & 42 U.S.C. § 1981

17. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

18. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was laid off based on her race, color, or national origin in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

19. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a.      In failing to continue to employ Plaintiff due to her race, color, or national origin;

    b.      In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff; and

    c.      In laying off the Plaintiff due to her race, color, or national origin and in retaliation for filing reports of the discriminations and inappropriate behaviors.

20. That in failing to protect Plaintiff from racial discrimination, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

21. Defendant violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination to exist in the workplace.

22. As a direct and proximate result of Defendant's discrimination and retaliation on the basis of race, color, or national origin, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

23. Defendant's employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

24. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

25. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Violation of Public Policy

26. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

27. That the aforesaid employment discrimination and inappropriate behaviors by the Defendant, its agents and servants, constitutes a violation of a clear mandate of public policy of the State of South Carolina.

28. As a direct and proximate result of the discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, loss of income and other past and future losses.

## REQUEST FOR RELIEF

29. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

30. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

31. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Jarrel L. Wigger*
Jarrel L. Wigger (Fed. I.D. #6345)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
843-553-9800

North Charleston, South Carolina
June 15, 2022.

4